# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 15, 2005 Session

## STATE OF TENNESSEE v. ANTONIO D. JONES

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-290      Mark Fishburn, Judge**

---

**No. No. M2004-01349-CCA-R3-CD - Filed August 12, 2005**

---

GARY R. WADE, P.J., concurring.

I fully concur with Judge Hayes' notable and well-written opinion. Like Judge Hayes, I believe that the defendant was seized when the officer asked him to step out of his vehicle and that the seizure was not supported by reasonable suspicion or probable cause. I also agree that the defendant's consent to search his person was not sufficiently attenuated from the illegal seizure so as to be free from any taint. In consequence, the convictions for possession of cocaine and marijuana should be reversed and remanded for a new trial.

I write separately only to explain the factual distinction between this case and State v. James D. Nicholson, No. M2004-00111-CCA-R3-CD (Tenn. Crim. App., at Nashville, Jan. 25, 2005), wherein I filed a dissenting opinion with a view that would have upheld the propriety of an investigatory stop under comparable circumstances. In Nicholson, the defendant ran when the officer said, "Hold up." It was the defendant's "headlong flight" coupled with significant other circumstances that, in my opinion, provided the officers with reasonable suspicion to pursue and stop. See Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000) (holding that "[h]eadlong flight -- wherever it occurs -- is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such" and that "unprovoked flight is simply not a mere refusal to cooperate"). In Nicholson, the officers had just observed several individuals involved in hand-to-hand drug transactions in the same location. All ran at the sight of the police. The incident occurred late at night in a high crime area well know to the officers for illegal drug transactions. Nicholson, who had not been a part of the earlier crowd, fled when an officer said, "Hold up."

In contrast, the defendant in this case was standing alone on a street corner in the middle of the day. When the officer approached the defendant, he turned and walked a short distance before entering a parked car. There was no "headlong flight" or other circumstance warranting a stop. The officer's statement, "[Y]ou need to step from the vehicle," was an unqualified directive. See United States v. Drayton, 536 U.S. 194, 201-02 (2002) (holding that even when there is no basis to suspect a crime, officers may ask questions, ask for identification, and ask for consent to conduct a search,

so long as the means used to induce the cooperation are not coercive. Cf. State v. Daniel, 12 S.W.3d 420, 426 (Tenn. 2000) (holding that no seizure occurs when an officer approaches a vehicle in a public place and asks questions of the occupant). The defendant was no longer free, in my view, to refuse to comply. See Florida v. Bostick, 501 U.S. 429, 439 (1991) (holding that the critical question is whether the law enforcement conduct indicated a lack of freedom "to decline the officers' requests or otherwise terminate the encounter"); State v. Randolph, 74 S.W.3d 330, 335 (Tenn. 2002) (holding that the relevant question when distinguishing between a brief police-citizen encounter and a seizure is whether "in view of all the circumstances surrounding the conduct, a reasonable person would have believed he or she was not free to leave"). It is my view that the circumstances that might support a finding of reasonable suspicion in this case did not quite reach the level of those in Nicholson.

_____
GARY R. WADE, PRESIDING JUDGE